July 26, 2006

                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

JIM E. EVANS                                CIVIL ACTION

VERSUS                                      NO: 05-3660

TRANSOCEAN OFFSHORE                         SECTION: "A" (1)
VENTURES, INC., ET AL.


**ORDER AND REASONS**

Before the Court is a **Motion to Exclude Testimony of Nancy Goldman, R.N. (Rec. Doc.43)** filed by defendant Transocean Offshore Ventures, Inc., and Transocean Deepwater, Inc. Plaintiff, Jim E. Evans, opposes the motion. The motion, set for hearing on July 26, 2006, is before the Court on the briefs without oral argument.

I.   **BACKGROUND**

In November 2004, plaintiff Jim E. Evans ("Evans" or "Plaintiff") was working for Defendants on a rig off the Coast of

1

Africa.  Evans was awaiting departure back to the United States at the Palm Beach Hotel in Abidjan, Ivory coast when the hotel was attacked.  Evans claims to be suffering from post-traumatic stress disorder ("PTSD") as a result of the incident.  Defendants, Transocean Offshore Ventures, Inc., and Transocean Deepwater, Inc., are alleged to be Evan's Jones Act employer and the owner/operator of the vessel to which he was assigned.

Defendants move the Court to exclude from the trial of this matter the testimony of Nancy Goldman, R. N. ("Goldman").  Defendants contend that Goldman's opinions go well beyond the bounds of her expertise because she is not a psychologist, psychiatrist, or any type of medical doctor.  Defendants also point out that Goldman does not specialize in PTSD.

In opposition, Plaintiff points out that he did not retain Goldman as an expert in this case.  Rather, Defendants sent Plaintiff to a counselor who referred Plaintiff to a psychiatrist who then referred Plaintiff to Goldman.  Thus, according to Plaintiff, Goldman is not a retained expert in this case but rather she is Plaintiff's treating counselor.  Moreover, Plaintiff argues that Goldman is qualified to testify as an expert.

**II.  <u>DISCUSSION</u>**

Defendants have not provided the Court with a copy of any

report prepared by Goldman[1] and the deposition excerpts pertain only to Goldman's qualifications.  Thus, the Court has no way of knowing what aspect of Goldman's testimony Defendants are challenging.  The Court cannot determine whether Goldman is rendering opinions beyond her expertise without being informed of the specific opinions that she will provide.

Goldman can clearly give factual testimony regarding her counseling and care of Plaintiff.  And the Court is unable to conclude, based on the showing made by Defendants, that Goldman is wholly unqualified to render expert opinions in Evan's case.  Goldman is not a medical doctor but she has a master of science degree in nursing with a certification in adult psychiatric nursing.  Her curriculum vitae is impressive even though she has not narrowly focused on PTSD in her career.  If it becomes clear during the trial that Goldman is rendering expert opinions beyond her expertise then the Court will likely limit her testimony where appropriate.  But based on the showing made Defendants today, they are not entitled to the broad relief that they seek.

Accordingly;

**IT IS ORDERED** that the **Motion to Exclude Testimony of Nancy**

---

[1] The Court does not require an "expert report" from a treating physician but Defendants make reference in their motion to opinions conveyed by Goldman in reports.  (Memo at 2).

**Goldman, R.N. (Rec. Doc.43)** filed by defendant Transocean Offshore Ventures, Inc., and Transocean Deepwater, Inc. should be and is hereby **DENIED**.

* * * * * * * *

*[Signature: Jay C. Zainey]*